**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

ROBERT EDWARD DAPOGNY,

Plaintiff,

v.

MICHAEL DOUGLAS, Revenue Officer of the IRS, in his official capacity, et al.,

Defendants.

Case No. 26-1285-JWB-ADM

# ORDER

This matter comes before the court on plaintiff's motion to proceed with discovery and the setting of a Federal Rule of Civil Procedure 26(f) planning conference (ECF 20) and defendants' cross-motion to stay the proceedings and all deadlines unrelated to their pending motion to dismiss (ECF 14) until that motion is resolved (ECF 24). For the reasons explained below, the court finds a stay appropriate until the presiding district judge decides the motion to dismiss. Thus, defendants' motion to stay is granted and plaintiff's motion to proceed is denied.

The decision to stay proceedings lies within the court's sound discretion. *Clinton v. Jones*, 520 U.S. 681, 706 (1977). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In exercising this discretion, the court "must weigh competing interests and maintain an even balance." *Id.* at 254-55. Generally, the right to proceed should not be denied except under the most extreme circumstances. *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). As a result, courts in this district generally do not stay discovery simply because a dispositive motion is pending. However, a stay may be appropriate if

(1) the case is likely to be concluded via the dispositive motion, (2) the facts sought through discovery would not affect resolution of the dispositive motion, (3) discovery on all issues posed by the complaint would be wasteful and burdensome, or (4) the dispositive motion raises issues as to a defendant's immunity from suit. *See Simmons v. Cline*, No. 20-3096-HLT-ADM, 2021 WL 2351046, at *2 (D. Kan. June 9, 2021).

Here, the court finds good cause to grant defendants' stay request. Defendants' motion to dismiss raises a threshold challenge to the court's subject-matter jurisdiction by asserting the United States's sovereign immunity from suit. Defendants asserting immunity are generally entitled to have questions of immunity resolved before being required to engage in discovery. *See Arnold v. City of Olathe*, *Kan.,* No. 18-cv-2703-CM-JPO, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019) (citing *Siegert v. Gilley,* 500 U.S. 226, 232 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."). Until the "threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982). Otherwise, a defendant who is entitled to immunity would be effectively deprived of its benefit. *See Siegert,* 500 U.S. at 232 (treating immunity as a threshold issue allows a court "to weed out suits . . . without requiring a defendant who rightly claims qualified immunity to engage in expensive and time-consuming preparation to defend the suit on its merits").

Should the presiding U.S. District Judge find this court does not have subject-matter jurisdiction and that defendants have not waived sovereign immunity as argued in the motion to dismiss, the matter will be finally concluded. Discovery is not necessary to resolve the motion to dismiss, which has been fully briefed. Under the circumstances, moving forward with discovery on all issues raised in the complaint could prove wasteful and burdensome. Thus, the court

believes that a short stay until the district judge decides the motion to dismiss will facilitate the just, speedy, and inexpensive determination of this action. *See* FED. R. CIV. P. 1.

If the case remains pending after a decision on the motion to dismiss, the court will issue an initial order regarding planning and scheduling, which will set a deadline for the parties to conduct a Rule 26(f) planning conference. Until that time, the parties need not meet or conduct discovery. Further, defendants' deadline to respond to any motion unrelated to the pending motion to dismiss is stayed.

**IT IS THEREFORE ORDERED** that plaintiff's motion to proceed with discovery and the setting of a Rule 26(f) planning conference (ECF 20) is denied.

**IT IS FURTHER ORDERED** and defendants' cross-motion to stay the proceedings and all deadlines unrelated to their pending motion to dismiss until that motion is resolved (ECF 24) is granted. Should any of plaintiff's claims survive, plaintiff must notify the court, via email to the undersigned judge's chambers, within 10 days of a ruling on the motion to dismiss. The court will then re-set deadlines and issue an initial order regarding planning and scheduling.

**IT IS SO ORDERED.**

Dated November 6, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge