IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT EDWARD DAPOGNY,

Plaintiff,

v. Case No. 26-1285-JWB

MICHAEL DOUGLAS, in his official capacity, and
THE UNITED STATES OF AMERICA

Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' motion to dismiss. (Doc. 14.) The motion has been fully briefed and is ripe for decision. (Docs. 15, 25, 28.) The motion is GRANTED for the reasons stated herein.

## I. Facts and Procedural History

Plaintiff Robert Dapogny filed this action in Russell County District Court against Michael Douglas, a revenue officer of the Internal Revenue Service ("IRS") acting in his official capacity, and the United States of America. Plaintiff is the owner of real property in Russell County, Kansas. On June 10, 2024, Douglas recorded a "notice of federal tax lien" against Plaintiff's property in Russell County. (Doc. 1-1 at 4.) The federal lien identifies unpaid tax assessments for tax years 2014–2016. (*Id.* at 17.) The amount of the lien exceeds $285,000. (*Id.* at 20.) Plaintiff asserts that the lien is improper, that he has no contract with Defendants, and there is no "statutory authority. . . supporting the lien or claim of interest" in the property. (*Id.* at 5.)

It is clear from Plaintiff's allegations and attachments that Plaintiff disputes the amount of the lien. According to Plaintiff, he has sought "supporting evidence" beginning in 2016 and a final demand on Defendants was made on July 6, 2026. (*Id.* at 5.) That demand clearly disputes

calculations regarding Plaintiff's income tax delinquencies. (*Id.* at 21–22.) Plaintiff has also attached an affidavit to his state court petition that is an alleged timeline of events for tax years 2014–2016. (*Id.* at 25–30.) That affidavit disputes calculations and asserts that the IRS failed to meet "burdens of proof" as to the tax deficiencies. (*Id.* at 26.) Based on Plaintiff's letters to the IRS, it appears that he believes that the IRS is relying on "nonexistent transactions" to support taxable income to Plaintiff. (*Id.* at 22.)

Plaintiff filed this action in state court asserting a state law quiet title claim against the United States and Douglas. Plaintiff asks this court to order production of the "outstanding burdens of proof of claims," declare the lien null and void, remove the cloud on his title, and quiet title in his favor. (*Id.* at 5.) Defendants move to dismiss on the basis that this action is barred by sovereign immunity, or alternatively fails to state a claim.[1]

## II. Standard

"Different standards apply to a motion to dismiss based on lack of subject matter jurisdiction under Rule 12(b)(1) and a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012). When the court is faced with a motion invoking both Rule 12(b)(1) and 12(b)(6), the court must first determine that it has subject matter jurisdiction over the controversy before reviewing the merits of the case under Rule 12(b)(6). *Bell v. Hood*, 327 U.S. 678, 682 (1946). Because federal courts are courts of limited jurisdiction, a presumption exists against jurisdiction, and "the burden of

---

[1] After the briefing was concluded, Plaintiff filed a motion seeking leave to file a surreply and attached his surrpely for the court's consideration. (Doc. 29.) Plaintiff asserts the surreply is warranted because Defendants raised arguments that were not in the initial brief. Surreplies are typically not permitted but are allowed when new arguments are raised in a reply brief. *Griffitts & Coder Custom Chopping, LLC v. CNH Indus. Am. LLC*, 438 F. Supp. 3d 1206, 1215 (D. Kan. 2020). After review, Defendants raised new arguments directly in response to Plaintiff's brief. Plaintiff's surreply is short and directly addresses those arguments. Therefore, the court grants Plaintiff's motion and has considered the surreply in ruling on the motion to dismiss.

establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla*., 510 F.3d 1196, 1200 (10th Cir. 2007).

Given Plaintiff's pro se status, the court construes his pleadings liberally, but it cannot act as his advocate or construct arguments on his behalf. *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

## III. Analysis

The United States moves for dismissal on the basis that it is immune from suit. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Any waiver of "sovereign immunity must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). When sovereign immunity applies, it deprives the court of subject matter jurisdiction. *Robbins v. U.S. Bureau of Land Mgmt*., 438 F.3d 1074, 1080 (10th Cir. 2006).

Plaintiff's claims are entirely based on Kansas state law. His petition sets forth certain federal statutes that he asserts waive the United States' sovereign immunity and provide for an action against the United States. Those include 5 U.S.C. §§ 702, 706 and 28 U.S.C. § 2410. (Doc.

1-1 at 8, 13.) The United States asserts that these statutes do not provide a waiver of sovereign immunity in this case. The court agrees.

Section 2410 waives immunity for suits against the United States "to quiet title to . . . real or personal property on which the United States has or claims a mortgage or other lien." "This consent to suit is available for taxpayers challenging procedural irregularities in the establishment of a lien." *James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992). It "does not waive sovereign immunity for claims that the taxpayer does not owe the taxes in question." *Id.* As noted by the court of appeals, taxpayers contesting the underlying assessment may "file a pre-payment suit in Tax Court or a post-payment suit in the appropriate federal district court." *Id.* at n.5. The court does have jurisdiction over procedural challenges regarding whether the IRS sent notices of assessment and demands for payment as such are "procedural defects cognizable in a quiet title suit." *Id.* at 755. This waiver for "procedural irregularities is construed narrowly." *Id.*

Here, Plaintiff alleges that the IRS failed to provide him with "statutory burdens of proof and supporting evidence." (Doc. 1-1 at 5.) Plaintiff contends that the IRS was required to provide such evidence in accordance with 26 U.S.C. § 6201(d) and § 6703. (Doc. 15 at 3.) Those provisions, however, do not require the IRS to provide documents upon demand to a taxpayer. Under 26 U.S.C. § 6201(d), the Secretary of the IRS has the burden to produce "reasonable and probative information" in the context of "any court proceeding" if certain conditions are met. Plaintiff did not demand this information during a court proceeding. With respect to § 6703, that statute merely provides that the IRS has the burden of proof as to whether a person is liable for a penalty under sections 6700, 6701, or 6702. There is no obligation to provide documents to a taxpayer upon request.

Plaintiff has not sufficiently alleged that the IRS failed to comply with a required procedure prior to filing the lien, such as statutory notice of assessment and demand for payment. A review of Plaintiff's letters to the IRS and affidavit make clear that Plaintiff disputes the validity of the underlying assessments. Plaintiff demanded evidence from the IRS because he believes that the tax calculations are based on "nonexistent transactions." (Doc. 1-1 at 22.) Because Plaintiff's allegations attacking the lien are not procedural in nature, the waiver contained in § 2410 is not applicable here.

Plaintiff also asserts that the United States waived its sovereign immunity in the Administrative Procedures Act, 5 U.S.C. § 702. Plaintiff contends that this statute provides an "explicit, unequivocal waiver" here because the IRS allegedly failed to comply with duties imposed by law. (Doc. 15 at 3.) The Tenth Circuit has held that § 702 does not waive the United States' sovereign immunity with respect to suits challenging tax assessments. *Lonsdale v. United States*, 919 F.2d 1440, 1444 (10th Cir. 1990). The APA "does not override the limitations of the Anti–Injunction Act," which generally prohibits suits to restrain the assessment or collection of taxes. *Fostvedt v. United States*, 978 F.2d 1201, 1203–04 (10th Cir. 1992). Plaintiff also cites various federal statutes in his petition regarding assessments, penalties, burdens of proof, liens, and foreclosures. (Doc. 1-1 at 8–14.) None of these statutes waive the United States' sovereign immunity. Further, sovereign immunity is not waived by general jurisdiction statutes also cited by Plaintiff. *See Lonsdale*, 919 F.2d at 1444.

Therefore, Plaintiff's claims against the United States are barred by sovereign immunity. Plaintiff's claims against Michael Douglas are also barred by sovereign immunity as he has brought suit against Douglas in his official capacity. *See Atkinson v. O'Neill*, 867 F.2d 589, 590

(10th Cir. 1989) (finding that suit against an individual employed by the United States in his official capacity is a suit against the United States and barred by sovereign immunity).

## IV. Conclusion

Defendants' motion to dismiss (Doc. 14) is GRANTED. This matter is dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff's motion to file a surreply (Doc. 29) is GRANTED. Plaintiff's motion for review (Doc. 19) is DENIED AS MOOT.

IT IS SO ORDERED. Dated this 18th day of November, 2026.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE